## Case No. 11,253.

POLLARD v. CITY OF PLEASANT HILL.

[3 Dill. 195;[1] 1 Cent. Law J. 155.]

Circuit Court, W. D. Missouri. Nov. Term, 1873.

MUNICIPAL BONDS—FUNDING BONDS—DEFENSES—INTEREST PAYABLE IN GOLD.

1. An innocent holder for value of negotiable municipal bonds is not bound to look further than to see that authority of law for their issue exists, and may rely upon the recital in the bonds that the preliminary conditions have been complied with by the municipal officers to whom the matter is confided by the legislation authorizing the issue of the bonds.

2. The funding bonds issued by the defendant city fall within the above principle.

3. The interest of authorized bonds may be made payable in gold.

Action on certain coupons originally attached to the negotiable bonds issued by the defendant city, under legislative authority. The bonds were of two classes. One issued in payment of stock in a railway company; the other, as recited on their face, under the funding act of the state authorizing municipalities to fund their indebtedness and issue bonds therefor. The nature of the defenses set up in the answer appears in the opinion of the court. The answer did not allege notice to the plaintiff [Isaac W. Pollard], nor deny that he was a holder for value. For this reason the plaintiff demurred to the several counts of the answer.

Judson & Barnard, for plaintiff.
Hall & Adams, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. This action is brought on detached coupons of two classes of bonds, the first on subscription of $15,000 to the Pacific Railroad of Missouri; the second on bonds funding the debt of the city. Plaintiff claims to be holder for value before maturity.

As to the Pacific Railroad bonds and coupons, the answer sets up that the vote and ordinance authorizing the subscription were to the Pacific Railroad of Missouri in aid of constructing the Pleasant Hill and Lawrence Branch thereof; that the subscription was actually made to the Pleasant Hill and Lawrence Branch of the Pacific Railroad, and the bonds issued in payment thereof delivered to the St. Lawrence & Denver Rail-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

road; that for not pursuing the authority, as cited in subscribing, the bonds and coupons are void. It is admitted by the pleading that the necessary two-thirds vote to authorize the taking of stock was had. The bonds on their face recite that they were issued to the Pacific Railroad.

An innocent holder is not required to look beyond the authority and recital in the bond to see whether formalities of any kind, embracing the question as to the subscription, has been complied with. This has been the uniform decision of the supreme court of Missouri from the case of Flagg v. City of Palmyra, 33 Mo. 440, to its last unreported utterances in the Clark County Case [Smith v. County of Clark, 54 Mo. 58]. Nor has the federal judiciary been wanting in its steadfast adherence to this doctrine. As late as Grand Chute v. Winegar, 15 Wall. [82 U. S.] 355, it has been re-asserted, and former cases affirmed.

As to the defense that the bonds are payable in legal tender notes, and that no authority exists to contract for gold coin in payment of interest, it is only necessary to refer to the case of Triblecock v. Wilson, 12 Wall. [79 U. S.] 687, to find the law as settled by the supreme court of the United States. It is there held that a contract may be made for gold coin or specie, and that such contract can not be satisfied by payment in legal tender notes. That a contract to pay bonds in legal tender notes and the interest thereon in gold coin can be made, it is apprehended will not be seriously questioned. It is a matter of contract purely, and when its conditions sufficiently appear, the court will enforce it. In this case the bonds call for six per cent interest, payable in gold coin, and the coupons conform to the bonds. No reasons are perceived why the contract thus specifically made for gold coin should not be valid and enforced. The demurrer to the second, third and fourth counts of the answer will therefore be sustained.

The second class of coupons sued on are on funding bonds, and the petition as to them alleges that they were issued in pursuance of an act of the general assembly of Missouri authorizing the funding of the floating debt of the city; that the bonds issued; that plaintiff became a holder for value before maturity, and that coupons were not paid on presentation.

The answer sets up that the bonds were not issued in payment of outstanding warrants, or in satisfaction of liabilities of the city, but that they were issued to raise funds to improperly influence legislation, quoting an ordinance of the city, from which it would appear that such was the case. However much we may deprecate that any people should thus expose themselves on their own record, and swift as this court would be to visit proper punishment upon the heads of those who would contaminate the fountain of legislation (if a proper case

and parties were before the court), it would be but aiding and abetting the wrongful acts to allow them to come and set them up in their own defense against innocent holders of the commercial securities they issued. It is admitted that legal authority to fund the floating debt of the city existed, and that the bonds on their face purported to be issued under and by virtue of it. This binds the city. The use made of the proceeds of the bonds cannot affect holders for value.

The demurrer to second and third counts of answer, as to the second class, the funding bonds, will also be sustained. Judgment accordingly.

As to the first class of bonds mentioned in the foregoing opinion see Jordan v. Cass Co. [Case No. 7,517].